JOHN WALSHE MURRAY (074823)
ROBERT A. FRANKLIN (091653)
LAURENT CHEN (191661)
MURRAY & MURRAY
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548
Telephone: (650) 852-9000; (408) 907-9200
Facsimile: (650) 852-9244
Email: jwmurray@murraylaw.com
Email: rfranklin@murraylaw.com
Email: lchen@murraylaw.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>**PACIFIC METRO, LLC**<br>A California Limited Liability Company,<br>fka The Thomas Kinkade Company,<br>LLC, fka Media Arts Group, Inc.<br><br>               Debtor.<br><br>900 Lightpost Way<br>Morgan Hill, CA 95037<br><br>Employer Tax I.D. No.: 26-3534146 | Case No. 10-55788-RLE-11<br><br>Chapter 11<br><br>Date:    TBA<br>Time:   TBA<br>Place:  United States Bankruptcy Court<br>          280 S. First St., Room 3099<br>          San Jose, CA 95113<br>Judge: Honorable Roger L. Efremsky |

**MOTION FOR ORDER UNDER SECTIONS 105 AND 365(a) OF THE BANKRUPTCY CODE
AUTHORIZING THE DEBTOR TO REJECT NONRESIDENTIAL
REAL PROPERTY LEASES AS OF THE PETITION DATE AND
<u>ESTABLISH BAR DATE FOR LEASE REJECTION CLAIM</u>**

**TO: THE HONORABLE ROGER L. EFREMSKY, UNITED STATES BANKRUPTCY JUDGE:**

     Pacific Metro, LLC, the debtor and debtor in possession (the "<u>Debtor</u>"), hereby submits its

MOTION FOR ORDER UNDER SECTIONS 105 AND 365(a) OF THE BANKRUPTCY CODE AUTHORIZING

THE DEBTOR TO REJECT NONRESIDENTIAL REAL PROPERTY LEASES AS OF THE PETITION DATE AND

ESTABLISH BAR DATE FOR LEASE REJECTION CLAIM (the "<u>Motion</u>") in the above-captioned Chapter

LC/
X:\Pacific Metro\LDC\Pld\Mot Rej Leases\Mot Rej Leases.v2.docx

1     MOTION FOR ORDER UNDER SECTIONS 105 AND 365(a) OF
THE BANKRUPTCY CODE AUTHORIZING DEBTOR . . . .

Case: 10-55788    Doc# 19    Filed: 06/08/10    Entered: 06/08/10 14:02:55    Page 1 of 7

11 case. The Motion seeks to reject, retroactive to the Petition Date (defined below), the lease ("925 Lightpost Lease") and sublease ("Flextronics Sublease") of 925 Lightpost Way, Morgan Hill, California 95037 ("Leased Location") with TBI-Mission West, LLC ("Landlord") and Flextronics International USA, Inc ("Flextronics"), respectively. The Motion is based on the memorandum of points and authorities below, the OMNIBUS DECLARATION OF FRANK TERUEL IN SUPPORT OF FIRST DAY MOTIONS (the "Omnibus Declaration"). A copy of the 925 Lightpost Lease and the Flextronics Sublease, including all amendments thereto, is attached to the Motion as **Exhibits "A"** and **"B"** respectively.

## I. INTRODUCTION

1. On June 2, 2010 (the "Petition Date"), the Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business as debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory bases for the relief sought herein is 11 U.S.C. §§ 105, 365 and 554. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. RELIEF REQUESTED

3. The Debtor has determined that the 925 Lightpost Lease and the Flextronics Sublease are unnecessary to the continued operation of the Debtor's business, have no value to the estate and should be rejected. The Motion therefore seeks authority from the Bankruptcy Court to reject the 925 Lightpost Lease and the Flextronics Sublease, effective upon the Petition Date, and to establish bar date for the lease rejection.

## III. FACTUAL BACKGROUND

4. A detailed description of the Debtor's history, description of its business, its assets and liabilities, and the events that led to the need for bankruptcy relief are set forth in the MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING POST-PETITION FINANCING; (2) AUTHORIZING USE OF CASH COLLATERAL; (3) GRANTING ADEQUATE PROTECTION; (4) MODIFYING AUTOMATIC

LC/
X:\Pacific\Mot\o\LDC\Pld\Mot Rej Leases\Mot Rej Lease.v2.docx

Case: 10-55788    Doc# 19    Filed: 06/08/10    Entered: 06/08/10 14:02:55    Page 2 of 7

2    MOTION FOR ORDER UNDER SECTIONS 105 AND 365(a) OF THE BANKRUTCY CODE AUTHORIZING DEBTOR . . .

STAY; AND (5) GRANTING RELATED RELIEF and the Omnibus Declaration, filed concurrently herewith.

5. In the mid 1990's, Media Arts Group, Inc. ("MAGI"), the Debtor's predecessor in interest, significantly expanded its corporate and manufacturing facilities, entering into a series of long-term commercial leases for its Morgan Hill, California campus. The facilities conducted several lines of business, including licensing, publishing, manufacturing, and distribution. Publishing processes prevalent at that time required significant on site square footage and factory personnel to accommodate manufacturing needs.

6. However, with recent advances in digital technology, the Debtor has been able to outsource a significant portion of its manufacturing process and thus significantly reducing its manufacturing workforce and need for leased commercial space. Debtor's restructuring efforts will include continuing the transfer of manufacturing to outsourcing partners and relocating or reducing its facilities more appropriate to Debtor's size, financial resources, and business model.

7. On December 20, 1999, the Debtor entered into a lease with the Landlord for a commercial building commonly known as 925 Lightpost Way in Morgan Hill, California, consisting of approximately 155,520 square feet of commercial space. Pursuant to the Third Amendment to Lease, dated November 11, 2004, the 925 Lightpost Lease expires on May 31, 2018.

8. On July 17, 2008, the Debtor entered in a sublease of the Leased Location with Flextronics. The Flextronics Sublease terminates on July 13, 2015. Under the terms of the Flextronics Sublease, Flextronics pays a monthly rent of $88,102, payable directly to the Landlord.[1] The Landlord consented to the Flextronics Sublease (see **Exhibit "C"** attached to Motion) and the Debtor and Landlord entered into the Fourth Amendment to Lease, which amended the monthly rent for the Leased Location to $132,954.05 for the period from August 1, 2009 through July 31, 2010.[2]

---

[1] The monthly rent increases to $90,745 on August 1, 2010 and increases each subsequent year pursuant to the terms of the Flextronics Sublease.

[2] The monthly rent increases to $136,942.67 on August 1, 2010 and increases each subsequent year pursuant to the terms of the Fourth Amendment to Lease.

Case: 10-55788  Doc# 19  Filed: 06/08/10  Entered: 06/08/10 14:02:55  Page 3 of 7

3   MOTION FOR ORDER UNDER SECTIONS 105 AND 365(a) OF THE BANKRUTCY CODE AUTHORIZING DEBTOR . . . .

9. Thus, because the monthly rent payment under the Flextronics Sublease is less than the monthly rent payment under the 925 Lightpost Lease, the Debtor continues to be responsible for $44,852.05 each month until August 1, 2010, when this rent difference will increase to $46,197.67.

10. As of the date of the Flextronics Sublease, the Debtor ceased operations at the Leased Location and vacated the premises. The Debtor has no further need for the 925 Lightpost Lease and the Flextronics Sublease and seeks to minimize the impact of administrative rent on the bankruptcy estate. The Debtor is currently responsible for approximately $44,852 per month under the 925 Lightpost Lease. The Debtor believes that the 925 Lightpost Lease and the Flextronics Sublease have no value to the estate. To minimize administrative costs, the Debtor seeks to reject the 925 Lightpost Lease and the Flextronics Sublease, effective as of the Petition Date.

11. Bankruptcy Code section 365(a) permits debtor to reject an executory contract subject to the approval of the Bankruptcy Court. In order to reject an executory contract, the debtor need only demonstrate that after the reasonable exercise of its business judgment, the bankruptcy estate would receive a net benefit from the rejection of the contract, after accounting for the resulting claims that arise due to rejection. As set forth, infra, the Court may, in the exercise of its discretion, order that the rejection be effective retroactively, pursuant to Bankruptcy Code § 105.

## IV. POINTS AND AUTHORITIES

12. The Debtor hereby moves to reject the 925 Lightpost Lease and the Flextronics Sublease under § 365(a) of the Bankruptcy Code effective as of the Petition Date. Section 365(a) permits a trustee, including a debtor in possession pursuant to 11 U.S.C. § 1107(a), to reject an executory contract or unexpired lease subject to the bankruptcy court's approval. *Robertson v. Pierce (In re Huang)*, 23 B.R. 798, 800 (B.A.P. 9th Cir. 1982); see also *In re Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993).

**A. The Rejection of the 925 Lightpost Lease and the Flextronics Sublease is Within the Debtor's Sound Business Judgment and is in the Best Interest of the Bankruptcy Estate.**

13. It is a well-established rule that a lease may be rejected in bankruptcy if, in the sound exercise of business judgment, the estate would benefit from not having to perform the debtor's contractual obligations. *Richmond Leasing Co. v Capital Bank, NA*, 762 F.2d. 1303, 1309 (5th Cir.

1985); *In re Huang*, supra, 23 B.R. at 800; *In re Orion Pictures Corp.*, 4 F.3d at 1099. In other words, the question of whether an executory contract or lease should be rejected or on what terms it should be assumed, is one of business judgment. *Group of Institutional Investors v. Chicago, Milwaukee, St. Paul and Pacific R. Co.*, 318 U.S. 523, 550 (1943), reh'g denied, *Group of Institutional Investors v. Abrams*, 318 U.S. 803 (1943). Rejection of an executory contract is particularly critical because it permits the bankruptcy estate to free itself from burdensome obligations that do not promote a successful reorganization of the debtor. *National Labor Relations Board v. Bildisco & Bildisco*, 465 U.S. 513, 528, 104 S.Ct. 1188, 1997 (1984); see also *In re Rega Properties, Ltd.*, 894 F.2d 1136, 1140 (9th Cir. 1990)

14. In the Ninth Circuit, the Bankruptcy Appellate Panel in *Huang* explained that the standard by which to determine whether the debtor-in-possession has exercised its business judgment in rejecting or assuming a contract or lease under § 365(a) is whether the rejection would benefit the general unsecured creditors. *Huang*, 23 B.R. at 801.

15. The Debtor has determined that there is no value to be realized from the 925 Lightpost Lease. Likewise, there is no value to be realized from the Flextronics Sublease because it fails to cover all the rent due to the Landlord. As such, the 925 Lightpost Lease and the Flextronics Sublease will only create a burden to the estate and will deprive the estate of funds that could be allocated to the Debtor's creditors. By rejecting the 925 Lightpost Lease and the Flextronics Sublease, the Debtor will avoid the incurrence of unnecessary administrative expense to the estate.

**B. Rejection of the 925 Lightpost Lease and the Flextronics Sublease as of the Petition Date is Appropriate**

16. The Debtor requests that the Court deem the 925 Lightpost Lease and the Flextronics Sublease rejected as of the Petition Date. It is now settled in the Ninth Circuit that a bankruptcy court may approve retroactive rejection of a nonresidential real property lease. *In re At Home Corp.*, 392 F.3d 1064, 1065 (9th Cir. 2004). In that case, the bankruptcy court cited four factors as support for its conclusion that the order rejecting the lease be effective as of the filing date of the motion. First, the debtor filed the motion immediately after the petition. Second, the debtor sought an

Case: 10-55788    Doc# 19    Filed: 06/08/10    Entered: 06/08/10 14:02:55    Page 5 of 7

immediate hearing date. Third, the debtor had vacated the premises. Fourth, the landlord's motivation in opposing the motion was, at least in part, to keep administrative rent (at $1 million per month) accruing. On appeal, while not limiting the factors which may cause a court to issue a retroactive order, the 9th Circuit panel agreed that the factors cited by the bankruptcy court supported the court's decision. Further, the panel noted that reduction of administrative rent liability is a proper basis for the exercise of the court's discretion under Bankruptcy Code § 105 to issue the order on a retroactive basis. *Id.* at p.1075.

17. Here, the Debtor has filed the Motion close to the Petition Date and has requested the hearing on shortened time as part of its First Day Motions. Prior to the Petition Date, the Debtor ceased operations at the Leased Location and vacated the premises. The Lease Location is currently subleased to Flextronics, but the Flextronics Sublease does not fully cover the rent payments due under the 925 Lightpost Lease. Under these circumstances, the Court should grant relief effective as of the Petition Date, given the savings in administrative rent that would result.[3]

## V. ESTABLISHING A CLAIMS BAR DATE

18. The Debtor requests that this Court, pursuant to Fed. R. Bankr. P. 3002(c)(4), establish September 28, 2010 as the claims bar date for claims arising from rejection of the 925 Lightpost Lease and the Flextronics Sublease. This is the same date by which all non-governmental proofs of claims must be submitted.

**WHEREFORE**, the Debtor requests that the Court enter its order:

1. Granting the Motion and deeming the 925 Lightpost Lease and the Flextronics Sublease rejected effective upon the Petition Date or as otherwise ordered by the Court;

2. Establishing September 28, 2010 as the bar date for claims arising from rejection of the Rejected Leases; and

/ / /

/ / /

---

[3] The Debtor notes that some courts have held that rejection is effective as of the date that the trustee takes affirmative steps to reject the lease. See *In re Joseph C. Speiss Co.* 145 B.R. 597, 606 (Bankr. N.D) Ill. 1992). See also, *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 530 (1984) (stating that rejection relates back to the petition date); *In re Mid-Region Petroleum, Inc.,* 111 B.R. 968, 970-971 (Bankr. W.D.Okla. 1990).

Case: 10-55788    Doc# 19    Filed: 06/08/10    Entered: 06/08/10 14:02:55    Page 6 of 7

6    MOTION FOR ORDER UNDER SECTIONS 105 AND 365(a) OF THE BANKRUTCY CODE AUTHORIZING DEBTOR . . . .

3. For such other and further relief as the Court deems appropriate.

Dated: June 8, 2010

**MURRAY & MURRAY**
A Professional Corporation

By: */s/ Laurent Chen*
   Laurent Chen
   Attorneys for Debtor

7  MOTION FOR ORDER UNDER SECTIONS 105 AND 365(a) OF THE BANKRUPTCY CODE AUTHORIZING DEBTOR . . . .