JOHN WALSHE MURRAY (074823)
ROBERT A. FRANKLIN (091653)
JENNY L. FOUNTAIN (226241)
MURRAY & MURRAY
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548
Telephone:  (650) 852-9000; (408) 907-9200
Facsimile:  (650) 852-9244
Email:  jwmurray@murraylaw.com
Email:  rfranklin@murraylaw.com
Email:  jlfountain@murraylaw.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

In re:

**PACIFIC METRO, LLC**
A California Limited Liability Company,
fka The Thomas Kinkade Company,
LLC, fka Media Arts Group, Inc.

          Debtor.

   900 Lightpost Way
   Morgan Hill, CA 95037

Employer Tax I.D. No.: 26-3534146

Case No. 10-55788-RLE-11

Chapter 11

**DISCLOSURE OF COMPENSATION PURSUANT TO 11 U.S.C. § 329(a)**
**AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2016(b)**

     1.     I, John Walshe Murray, am a shareholder of the law firm of Murray & Murray, A

Professional Corporation ("Murray & Murray"), the proposed attorneys Pacific Metro, LLC, the

debtor and debtor in possession (the "Debtor") in the above-captioned Chapter 11 case.  On June 2,

2010 (the "Petition Date"), the Debtor filed its Voluntary Petitions under Chapter 11 of the

Bankruptcy Code.  The Debtor continues to operate its businesses as a debtor in possession pursuant

to Sections 1107 and 1108 of the Bankruptcy Code.

/ / /

Case: 10-55788   Doc# 35   Filed: 06/10/10   Entered: 06/10/10 11:06:48   Page 1 of 5

I hereby make this disclosure pursuant to 11 U.S.C. § 329(a) and Federal Rule of Bankruptcy Procedure 2016(b):

1.     The compensation paid or agreed to be paid by the Debtor for services rendered or to be rendered by Murray & Murray in connection with this case is as follows:

a.     <u>Hourly Rates</u>.  The Debtor has agreed that Murray & Murray, subject to the approval of the Court, shall be employed under a general retainer, on an hourly basis, with compensation for services and reimbursement of expenses to be paid pursuant to Sections 328, 330, 331, 503, and 507 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California, and the fee guidelines promulgated by this Court.  The current hourly rates of the attorneys of Murray & Murray are as follows:

| Name | Rate Per Hour |
|---|---|
| John Walshe Murray | $ 590.00 |
| Janice M. Murray | 540.00 |
| Craig M. Prim | 510.00 |
| Stephen T. O'Neill | 470.00 |
| Robert A. Franklin | 460.00 |
| Doris A. Kaelin | 440.00 |
| Jenny Lynn Fountain | 350.00 |
| Rachel P. Ragni | 330.00 |
| Thomas T. Hwang | 310.00 |
| Laurent Chen | 280.00 |
| Law Clerks/Paralegals | 150.00 |

Attorneys' fees will be billed in minimum increments of one-tenth (1/10) of an hour, even though the actual time may be less.  These hourly rates are subject to periodic review and increase.

b.     <u>Expense Reimbursement</u>.  The Debtor has also agreed that Murray & Murray shall be reimbursed for its expenses incurred in connection with this case.  The amounts currently charged by Murray & Murray for ordinary and customary expenses are as follows:

| | |
|---|---|
| Automobile travel: | 50¢ / mile |
| Faxes (incoming only): | 20¢ / page |
| Internal photo-copying: | 20¢ / copy |
| Computerized research: | actual cost |
| Court reporters fees: | actual cost |

Case: 10-55788    Doc# 35    Filed: 06/10/10    Entered: 06/10/10 11:06:48    Page 2 of 5

| | |
|---|---|
| Document storage & disposal: | actual cost |
| Filing fees: | actual cost |
| Lien searches: | actual cost |
| Long distance telephone: | actual cost |
| Messenger: | actual cost |
| Other travel (e.g. airfare): | actual cost |
| Outside photo-copying: | actual cost |
| Overnight delivery: | actual cost |
| Parking: | actual cost |
| Postage: | actual cost |
| Printing: | actual cost |
| Process service: | actual cost |
| UCC Searches: | actual cost |
| Witness fees: | actual cost |
| Working meals: | actual cost |

c.    Payments.  In the year prior to the commencement of the case, Murray & Murray received the following payments from the Debtor:

| DATE | AMOUNT |
|---|---|
| January 19, 2010 | $25,000.00 |
| March 2, 2010 | 25,000.00 |
| March 18, 2010 | 25,000.00 |
| May 3, 2010 | 25,000.00 |
| May 26, 2010 | 25,000.00 |
| May 28, 2010 | 300,000.00 |

These payments were made directly to Murray & Murray by the Debtor's parent company Windermere Holdings, LLC on behalf of the Debtor.  Murray & Murray is advised by the Debtor that these funds were loans to the Debtor by Windermere Holdings, LLC.

Of the total payments of $425,000.00, $93,271.39 [total fees and expenses of $110,722.80 less the $17,451.41 discussed in the following paragraph] was expended in services rendered to the Debtor prior to the commencement of the case, leaving a remaining advance retainer (the "Chapter 11 Advance Retainer") on the Petition Date of $331,728.61

At certain times prior to the commencement of the case, Murray & Murray had exhausted its pre-petition advance retainers and was therefore incurring fees and expenses without the protection of an advance retainer.  This continued until Murray & Murray received a further advance

JWM/cc
K:\Pacific Metro - LLC\Pld\Employment\M&M\Disc Comp v1.doc
DISCLOSURE OF COMPENSATION PURSUANT TO 11 U.S.C. §329(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2016(b)

Case: 10-55788    Doc# 35    Filed: 06/10/10    Entered: 06/10/10 11:06:48    Page 3 of 5

retainer. As of the dates set forth below, Murray & Murray had incurred the following fees and expenses when it did not have an advance retainer in place:

| | |
|---|---|
| February 28, 2010: | $9,761.09 |
| March 1 - 17, 2010: | 2,558.00 |
| April 5 - May 2, 2010: | 5,132.32 |
| | $17,451.41 |

Because the fees and expenses incurred by Murray & Murray during these periods ($17,451.41) were not protected by an advance retainer, it might be argued that the payment of these fees from a subsequently paid retainer constitutes an avoidable preference under Section 547 of the Bankruptcy Code. While Murray & Murray believes that these payments were made in the ordinary course of the Debtor's business and therefore not a preference, Murray & Murray does not want to complicate the chapter 11 case with the problems that might arise if Murray & Murray were determined not to be "disinterested." Murray & Murray, therefore, has waived all of the fees incurred during these periods ($17,451.41) such that all attorneys' fees and expenses paid to Murray & Murray within ninety (90) days prior to the commencement of the case were incurred at a time when Murray & Murray had an advance retainer in place.

        d.      <u>Additional Compensation</u>. The Debtor has also agreed to pay Murray & Murray all additional attorneys' fees and costs incurred after the commencement of the case in excess of the Chapter 11 Advance Retainer, subject to the approval of the Court.

        e.      <u>Interim Compensation Procedure</u>. The Debtor has also agreed that Murray & Murray may move the Court for an order approving an interim compensation procedure allowing the Debtor to pay attorneys' fees and costs on a monthly basis, and if such an interim compensation procedure is approved by the Court, such fees and costs shall be so paid. In the event that Murray & Murray does not so move the Court, or the Court does not approve such an interim compensation procedure, Murray & Murray shall have the right to apply to the Court for additional fees and costs pursuant to the Bankruptcy Code, which authorizes applications for such interim compensation to be submitted once every one hundred twenty (120) days, or more frequently if authorized by the Court. Payment shall be immediately forthcoming upon approval of such fees and costs.

        2.      Neither Murray & Murray nor any of its members or employees have shared or

1  agreed to share any of the aforementioned compensation with anyone except the shareholders and

2  regular employees of Murray & Murray.

3  Dated:  June 10, 2010                          **MURRAY & MURRAY**
                                                   A Professional Corporation

4

5                                                  By:  */s/ John Walshe Murray*
                                                        John Walshe Murray
6                                                       Attorneys for Debtor

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case: 10-55788   Doc# 35   Filed: 06/10/10   Entered: 06/10/10 11:06:48   Page 5 of 5