KPMG LLP
William A. Haegele
H. Carter Maser
55 Second Street, Suite 1400
San Francisco, CA 94105
Telephone: (415) 963-5100
Facsimile: (415) 963 8100
Email: whaegele@kpmg.com
       cmaser@kpmg.com

Proposed Financial Advisors for The Official
Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISON**

| | |
|---|---|
| In re: | **Chapter 11** |
| **Pacific Metro, LLC, a California limited liability company, fka The Thomas Kinkade Company, LLC, fka Media Arts Group, Inc.,** | **Case No. 10-55788 (RLE)** |
| **Debtor.** | |

**OFFICIAL UNSECURED CREDITORS' COMMITTEE OF PACIFIC METRO, LLC APPLICATION FOR ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KPMG LLP AS FINANCIAL ADVISORS <u>NUNC PRO TUNC TO JULY 7, 2010</u>**

The Official Unsecured Creditors' Committee of Pacific Metro, LLC (the "Committee"), to the above captioned debtor and debtor-in-possession herein (the **"Debtor"**), submits this application (the **"Application"**) for entry of an order, pursuant to sections 327(a), 328 and 1107(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the **"Bankruptcy Code"**), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), authorizing the retention and employment of KPMG LLP

1

("KPMG") as financial advisors to the Committee nunc pro tunc to July 7, 2010. KPMG is the United States member firm of KPMG International, a Swiss cooperative. In support of this Application, the Committee relies upon the declaration of William A. Haegele (the **"Haegele Declaration"**), which is attached hereto as Exhibit A and incorporated herein by reference, and respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Debtor's Chapter 11 case and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 327(a), 328 and 1107(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016 and 5002.

## BACKGROUND

3. On June 2, 2010 (the **"Petition Date"**), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is presently operating its business as a debtor in possession pursuant to the provisions of 11 U.S.C. §§ 1107 and 1108. The Debtor has stated that it will be able to increase both revenues and profitability for 2010 and beyond, and therefore anticipates paying 100% of its creditors' claims.

4. On June 17, 2010, the US Trustee, pursuant to sections 1102(a) and 1102(b)(1) of the Bankruptcy Code, filed with this Court Notice of Appointment of Committee of Unsecured Creditors. The Committee subsequently concluded that the interests of the unsecured creditors necessitated the retention of experienced financial and accounting professionals.

2

Case: 10-55788    Doc# 84    Filed: 07/19/10    Entered: 07/19/10 15:12:12    Page 2 of 7

**RELIEF REQUESTED**

5. By this Application, the Committee requests authorization to retain and employ KPMG as its financial advisors in this Chapter 11 case. Specifically, the Committee and the Debtor respectfully request entry of an order pursuant to section 327(a) of the Bankruptcy Code authorizing KPMG to perform financial advisory services that will be necessary during the Debtor's Chapter 11 case as more fully described below.

**SERVICES TO BE RENDERED**

6. The Committee has requested that KPMG provide financial advisory services as KPMG and the Committee shall deem appropriate and feasible in order to provide advice, analysis and assistance to the Committee during the bankruptcy of the Debtor in the course of this case, including, but not limited to the following:

**Financial Advisory Services**

    i. Assessing and commenting on the Debtor's cash flows and capital position;

    ii. Evaluating and providing advice to the Committee on the Debtor's proposed restructuring plans;

    iii. Analyzing and commenting on the value of the Debtor's assets, liabilities, and creditors' stakeholder claims;

    iv. Analyzing and commenting on the statutory claims of the Debtor and the Committee; and

    v. Perform such related tasks to this assignment as agreed to by KPMG and directed by the Committee or order of the Court.[1]

---

[1] Although, by this Application, the Committee is seeking to retain KPMG to provide such other related tasks to this assignment as may be necessary, desirable or requested from the Committee from time to time, internal KPMG procedures require that KPMG enter into additional engagement letters for additional work under certain circumstances. To the extent the Committee requests additional services not covered by the Engagement Letter, KPMG and the Committee may enter into additional engagement letters, as is necessary, and file, for disclosure purposes, such additional engagement letters with the Court. Unless required by the Court, the Committee and KPMG do not intend to seek separate retention orders with regard to any additional engagement letters. Instead, any additional engagement letters will be filed with the Court and served on the applicable notice parties, absent

7. Subject to this Court's approval of the Application, KPMG is willing to serve as the Committee's financial advisors and to perform the services described above.

**QUALIFICATIONS OF PROFESSIONALS**

8. The Committee has selected KPMG as its financial advisors because of the firm's diverse experience and extensive knowledge in the fields of accounting, taxation, and operational controls for companies, creditors and stakeholders both in chapter 11 as well as outside of chapter 11.

9. The Committee requires assistance in collecting, assessing and analyzing accounting, financial, business plans and other information in relation to the Chapter 11 case. KPMG has considerable experience with rendering advisory services to debtors, creditors and other parties in Chapter 11 cases. As such, KPMG is qualified to perform the work required in this case.

**DISINTERESTEDNESS OF PROFESSIONALS**

10. To the best of the Committee's knowledge and based upon the Haegele Declaration, KPMG is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

11. To the best of the Committee's knowledge and based upon the Haegele Declaration, KPMG does not hold or represent an interest adverse to the estate that would impair KPMG's ability to objectively perform professional services for the Committee, in accordance with section 327 of the Bankruptcy Code.

12. To the best of the Committee's knowledge and based upon the Haegele Declaration, (1) KPMG's connections with the creditors, any other party in interest, or their

---

any objections filed within ten (10) days after the filing and service of such supplemental declarations or affidavits, KPMG's employment shall continue as authorized pursuant to the Proposed Order.

4

Case: 10-55788    Doc# 84    Filed: 07/19/10    Entered: 07/19/10 15:12:12    Page 4 of 7

respective attorneys are disclosed in Schedule 2 to the Haegele Declaration; and (2) the KPMG partners and professionals working on this matter are not relatives of the United States Trustee of the Northern District of California or of any known employee in the office thereof, or any United States Bankruptcy Judge of the Northern District of California.

13. KPMG has not provided, and will not provide, professional services to any of the creditors, other parties-in-interest, or their attorneys with regard to any matter related to this Chapter 11 case.

**PROFESSIONAL COMPENSATION**

14. KPMG's requested compensation for professional services rendered to the Committee will be based upon the hours actually expended by each assigned staff member at each staff member's hourly billing rate. The Committee has agreed to compensate KPMG for professional services rendered at its normal and customary hourly rates, subject to the reductions below.

15. The customary hourly rates for financial advisory services to be rendered by KPMG and applicable herein are as follows:

| Financial Advisory Services | Discounted Rate |
|---|---|
| Partners/Principals/Managing Directors | $550 |
| Directors | $500 |
| Managers | $400 |
| Senior Associates | $300 |
| Associates | $250 |
| Interns/Para-Professionals | $125 |

5

With respect to this engagement, KPMG is billing the majority of the fees to reflect a reduction of approximately 30 - 40% from KPMG's normal and customary rates.

16. KPMG will also seek reimbursement for necessary expenses incurred, which shall include travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

17. KPMG intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. KPMG has agreed to accept as compensation such sums as may be allowed by the Court. KPMG understands that interim and final fee awards are subject to approval by this Court.

18. To the extent the Application is granted, KPMG has agreed to waive amounts owed for professional services rendered prior to the Petition Date KPMG shall not be a postpetition creditor of the Debtor at any time during its retention and employment by the Committee.

### NUNC PRO TUNC RELIEF REQUESTED

19. Pursuant to the Committee's request and due to exigent circumstances, KPMG commenced this engagement immediately and with assurances that the Committee would seek approval of its employment nunc pro tunc to July 7, 2010.

20. Based upon the foregoing, the Committee submits that cause exists to authorize the retention of KPMG nunc pro tunc to July 7, 2010.

# NOTICE

21. Notice of this Application has been given to (i) the Office of the United States Trustee for the Northern District of California, (ii) counsel for the Debtor, (iii) counsel for the Official Unsecured Creditors' Committee, and (iv) any other parties requesting notice. The Committee and the Debtor submits that, given the nature of the relief requested, no other or further notice of the relief requested is necessary.

22. No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Committee respectfully requests that the Court enter an Order, substantially in the form attached hereto, (i) granting this Application, (ii) authorizing the Committee to retain and employ KPMG as its financial advisors to perform the services set forth herein, and (iii) granting such other and further relief as is just and proper.

Dated: 7/18/2010

Official Unsecured Creditors' Committee of Pacific Metro, LLC

By: /s/ Jeff Spinello
Name: Jeff Spinello
Title: Chairman of the Committee